TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0564-KB

IN RE: DARRELL EDWARD SAMMONS

IN SUPREME COURT

## **OPINION AND ORDER**

The Kentucky Bar Association (KBA) petitions this Court to indefinitely suspend Darrell Edward Sammons from the practice of law pursuant to Supreme Court Rule (SCR) 3.167 for violating SCR 3.164 by failing to answer a KBA charge.[1]  After a review of the record, we hereby indefinitely suspend Sammons pursuant to SCR 3.167.

## **BACKGROUND**

The underlying charges in this matter involve Sammons' representation of an estate in Daviess District Court.  David C. Lynn and Stephanie Lynn Todd, acting as co-executors for the estate of their late brother Steven Douglas Lynn, hired attorney Sammons and paid him $15,000.00 as a retainer to represent them in the matter.  During his representation, the co-executors missed four deadlines to file an overdue estate report which resulted in their removal.  On April 11, 2023, Attorney Sammons received his fee via funds held

---

[1] Sammons' KBA number is 83702 and his bar roster address is PO Box 18556, Erlanger, Kentucky 41018.

in a testamentary trust designated for the benefit of their brother's children. On July 3, 2023, the Lynns filed a letter with the Daviess District Court, terminating Sammons' representation of the estate. As reason for the dismissal, they cited a lack of legal work on their behalf as well as a general failure to respond to communications. Sammons failed to return any portion of his retainer or fees after his termination. The brother's other heirs subsequently filed a motion to remove the Lynns as trustees and disqualify them from collecting any compensation or fee reimbursement. Another one of the decedent's children filed a Bar complaint against Sammons on May 13, 2024. Sammons failed to respond to the Bar complaint. Ultimately, he was charged with violating SCR 3.130(1.1) (competence), SCR 3.130(1.3) (diligence), SCR 3.130(1.5)(a) (fees), SCR 3.130(1.16)(d) (termination), and SCR 3.130(8.1)(b) (disciplinary matters).

Sammons was served with the above charges via certified mail on November 5, 2024. To date, Sammons has not filed an answer or motion for leave to file a late answer for good cause shown pursuant SCR 3.164. Bar counsel sent an email to Sammons more than a month after his response was due, and Sammons has not communicated with the Office of Bar Counsel in any fashion.

Sammons has received prior KBA discipline in the past. In 2021, Sammons received a private admonishment for violations of SCR 3.130(1.3) (diligence), SCR 3.130(1.16)(d) (termination), and SCR 3.130(3.2) (expediting litigation). Sammons also has a second pending disciplinary charge numbered

2

24-DIS-0303 for SCR 3.130(1.3) (diligence), SCR 3.130(1.4)(a)(4) (communication), SCR 3.130(1.16)(d) (termination), and SCR 3.130(8.1)(b) (disciplinary matters), which was filed in December of 2024. Sammons did not file a response in this matter.

In this case, the initial Complaint was filed on May 13, 2024 and was served on May 18, 2024. Sammons has failed to respond. The Kenton County Sheriff's Office served Sammons a second time on August 15, 2024. Again, Sammons has failed to respond or contact the Office of Bar Counsel. On October 7, 2024, the Inquiry Commission issued a formal charge. Sammons was served with the formal charge on November 5, 2024, and he has not filed an answer. Finally, the Office of Bar Counsel has no written release signed by Sammons authorizing disclosure by KYLAP as required by SCR 3.990(1).

## **CONCLUSION**

Sammons' failure to respond to the charge in this case warrants an indefinite suspension under SCR 3.167.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Pursuant to SCR 3.167, Darrell Edward Sammons is hereby indefinitely suspended from the practice of law in the Commonwealth of Kentucky.

2. As required by SCR 3.390(2), Sammons must, if he has not already done so, within twenty (20) days after the issuance of this order of indefinite suspension from the practice of law, notify by letter duly placed in the United States Postal Service, all courts or tribunals in which he has matters pending, and all clients of his inability to represent them and of

3

the necessity and urgency to promptly obtain new counsel. Sammons shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Sammons must immediately cancel any pending advertisements, to the extent possible, and must terminate any advertising activity for the duration of the term of suspension.

3. As stated in SCR 3.390(1), this order shall take effect on the twentieth day following its entry. Sammons is instructed to take all reasonable steps to protect the interests of his clients. He must not, during the term of suspension, accept new clients or collect unearned fees, and he shall comply with the provisions of SCR 3.130(7.50)(5).

Lambert, C.J.; Bisig, Conley, Goodwine, Nickell, and Thompson, JJ., sitting. All concur. Keller, J., not sitting.

ENTERED: April 24, 2025

_____
CHIEF JUSTICE